UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:12-CR-62-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| EARNEST DONALD CARR, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

**BACKGROUND**

On May 22, 2013, District Judge Van Tatenhove adopted the undersigned's Recommended Disposition and found that Defendant Earnest Donald Carr was competent to stand trial. D.E. 34. The Court conducted Defendant's arraignment on May 24, 2013, and scheduled Defendant's jury trial for July 16, 2013. D.E. 36. Following two extensions, Defendant's trial was rescheduled to occur on January 7, 2014. D.E. 41; D.E. 43. Defendant's second motion to continue the trial date included a motion to have Defendant's mental status re-evaluated. D.E. 42. Accordingly, the Court scheduled a hearing (D.E. 44), during which defense counsel stated the bases for the motion on the record, and the United States responded that it did not object to the motion. D.E. 47. Based on counsel's representations and the Court's examination and observations of Defendant during the hearing, the Court found that there was reasonable cause to believe that Defendant was presently suffering from a mental disease or

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

defect rendering him mentally incompetent as defined in 18 U.S.C. § 4241(a), and ordered Defendant to undergo a psychological or psychiatric evaluation. D.E. 48.

The evaluation ordered by the Court occurred at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"), from September 5, 2013, to October 21, 2013. *See* D.E. 52. All parties had access to the resulting forensic report (the "Report") issued by BOP forensic psychologist Judith (Betsy) Campbell, Ph.D on November 15, 2013. D.E. 58. The Report opines that Defendant is ***not competent*** at this time. *Id.* at 5.

On October 23, 2013, defense counsel filed a motion seeking an order prohibiting the transfer of Defendant from FMC Lexington after defense counsel and the United States received word from Dr. Campbell that she believed that moving Defendant from FMC Lexington would create a risk of danger to Defendant and other persons. D.E. 54. The Court scheduled a teleconference to hear from both parties regarding Defendant's motion (D.E. 55), and ultimately ordered that Defendant remain at FMC Lexington pending further orders of the Court (D.E. 56).

Following two telephonic conferences regarding Defendant's status and the logistics of holding a competency hearing in light of his status, the Court conducted a competency hearing per 18 U.S.C. §§ 4241 and 4247(d) via video conference on December 30, 2013. D.E. 59; D.E. 60.

At the hearing, the parties appeared with counsel, as did Dr. Betsy Campbell. D.E. 63. During the course of that hearing, the United States stipulated to the admissibility of the Report and its findings. *Id.* Defendant did not stipulate to the admissibility of the Report and its findings. *Id.* However, his objection was asserted pro se and did not address any real aspect of admissibility. The Court thus admitted the Report into evidence.

2

The United States also waived introduction of other proof and argument in opposition, and waived the right to cross-examine the evaluator. Defendant testified as to his competency, but offered no other proof. His testimony was lucid, but, consistent with the rest of his behavior, was obviously detached from reality because it contained wild allegations of collusion between Dr. Campbell and persons unknown to her. Defendant also examined Dr. Campbell (*id.*), though his questions suffered from the same disconnect from reality as his direct testimony. Thus, the only expert proof as to Defendant's competency is the Report.

## **FINDING AS TO COMPETENCY**

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 403; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing Section 4247(d) for hearing procedure). Per § 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147, at *2 (6th

3

Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis), *and United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States), *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not competently disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 505 U.S. 437, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a finding of admissibility as to the Report and its substance, the only expert proof as to current competency is the expert analysis of Dr. Campbell. The Report reflects significant personal observation, a review of Defendant's medical history and status, consultation with defense counsel and counsel for the United States, and a very thorough analysis of Defendant (given his lack of cooperation) pursuant to the applicable competency standards. D.E. 58. Dr. Campbell also obtained and reviewed all relevant records. *Id.* at 1. Because of Defendant's "agitated presentation combined with his recent completion of psychological testing," Dr. Campbell did not administer any tests to Defendant. *Id.* at 2. Attempts to interview Defendant were made, but were unsuccessful due to his failure to respond logically and rationally. *Id.* at 4.

Dr. Campbell accurately applied the *Dusky* standard in determining that Defendant is not competent. Dr. Campbell concludes that Defendant "is severely mentally ill." *Id.* She notes that "he evidences seriously disordered thought processes, communicat[es] in an agitated, threatening, and highly disorganized, rapid, rambling, illogical, and tangential manner." *Id.* She also notes that Defendant "is expected to have difficulty thinking rationally about his case, contributing productively to discussions of his case, and participating meaningfully in his defense." *Id.* at 5. Dr. Campbell diagnoses Defendant with Psychotic Disorder Not Otherwise

4

Specified, and Personality Disorder Not Otherwise Specified (NOS), With Paranoid and Narcissistic Personality Features." *Id*. at 4.

Ultimately, Dr. Campbell opines that Defendant is not competent to proceed to trial or make other decisions regarding his case as a result of his psychosis. *Id.* at 5. She states that "[u]ntil [Defendant's] mental condition is treated and stabilized, his reasoning, problem solving, and decision making concerning his case are expected to be significantly impaired." *Id.* Dr. Campbell unquestionably thoroughly and accurately applied the *Dusky* standard.

Thus, the Court finds, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per 18 U.S.C. § 4241(d). Indeed, despite Defendant's lucid testimony, no evidence was presented at the hearing to refute this finding because Defendant's testimony was clearly lacking in a basis in reality.

## **FURTHER HOSPITALIZATION PURSUANT TO 18 U.S.C. § 4241(d)**

The Court's Order requiring an evaluation, per the incorporation of 18 U.S.C.§ 4247(c) in § 4241(b), required that the examiner present a report including "the examiner's opinions as to . . . **prognosis**" of any mental disease or defect rendering Defendant mentally incompetent. D.E. 50 (emphasis added). The Report includes a section under the heading "Discussion of Defendant's Competency to Stand Trial." D.E. 58 at 5. In that section, Dr. Campbell opines that "there **is** a substantial probability he will attain the capacity to permit a trial to proceed in the foreseeable future if he is committed for treatment under the provisions of Title 18, United States Code, Section 4241(d)." *Id.*

Given this prognosis, hospitalization is required under § 4241(d). Having found, by a preponderance of the evidence, that Defendant is not competent to proceed, 18 U.S.C. § 4241(d) unequivocally states "the Court **shall** commit the defendant to the custody of the Attorney General. The Attorney General **shall** hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(1) (emphasis added). Thus, based upon the Court's findings herein, commitment is mandatory under § 4241(d). *See, e.g.*, *United States v. Millard-Grasshorn*, 603 F.3d 492, 494 (11th Cir. 2010); *United States v. Ferro*, 321 F.3d 756, 761–62 (8th Cir. 2003); *United States v. Filippi*, 211 F.3d. 649, 651 (1st Cir. 2000); *United States v. Donofrio*, 896 F.2d 1301, 1302–03 (11th Cir. 1990); *United States v. Joshi*, 896 F.2d 1303 (11th Cir. 1990); *United States v. Shawar*, 865 F.2d 856, 861 (7th Cir. 1989); *United States v. Cline*, No. 04-CR-6068L, 2008 WL 4501934 (W.D.N.Y. Sept. 30, 2008).

Accordingly, the Court **RECOMMENDS** that Defendant be found to be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per 18 U.S.C. § 4241(d), and that Defendant be committed to the custody of the Attorney General for treatment at a suitable facility. Defendant is to remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that Defendant will attain the capacity to permit further proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). If at any time during Defendant's initial period of commitment, however, the director of the facility determines that Defendant has recovered his competency, the director shall file a certificate to that effect

promptly with the Clerk of this Court. *See* 18 U.S.C. § 4241(e). The Court will then proceed pursuant to § 4241(e).

The Court therefore **ORDERS** as follows:

1. A copy of this Recommended Disposition shall be served on the United States Marshal, to communicate with the BOP in order to designate, as soon as practicable (and in no case more than ten days) an appropriate institution where Defendant shall receive appropriate treatment; and

2. Once an appropriate facility has been designated, but not later than ten days from entry of this Recommended Disposition, the United States shall file a status report that identifies the institution designated in paragraph 1(a).

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Fed. R. Crim. P. 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 31st day of December, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge