UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 12-62-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| EARNEST DONALD CARR, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*     \*\*\*     \*\*\*     \*\*\*

This matter is before the Court on the Report and Recommendation [R. 64] filed by United States Magistrate Judge Hanly A. Ingram. The Report and Recommendation addresses the issue of whether Defendant Earnest Donald Carr is competent to stand trial pursuant to 18 U.S.C. § 4241 and §4247(d). Judge Ingram has concluded that Carr is not competent to stand trial at this time.

After reviewing the forensic report of the Defendant's psychiatric evaluation and conducting a competency hearing, Magistrate Judge Ingram concluded that the Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." [R. 64 at 5.] Such a finding, as Judge Ingram correctly noted, triggers the Defendant's mandatory commitment to the custody of the Attorney General for treatment at a suitable facility. *See* 18 U.S.C. § 4241(d). Judge Ingram, therefore, recommends that the Defendant be committed at such a facility and that he remain there for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial

probability that the Defendant will attain the capacity to permit further proceedings to take place in the foreseeable future. [R. 64 at 6, *citing* 18 U.S.C. § 4241(d)(1).]

Judge Ingram's Report advises the parties that any objections must be filed within fourteen (14) days of service. [R. 64 at 7.] The time to file objections has passed, and neither party has objected nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation [R. 64] is **ADOPTED** as the opinion of this Court; and

(2) The Clerk of the Court is directed to provide a copy of this Order to the United States Probation Office and the United States Marshal.

This  day of January, 2014.



Signed By:
Gregory F. Van Tatenhove
United States District Judge

2