UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:12-CR-62-GFVT-HAI |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| EARNEST DONALD CARR, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court writes to address Defendant's continued treatment pursuant to 18 U.S.C. § 4241(d)(2)(A) as ordered during the November 13, 2014 teleconference between the Court, all counsel, and Staff Psychologist, Jill R. Grant, Psy. D., of FMC-Butner. The Court's findings herein are intended to explain why an additional period of treatment is reasonable pursuant to § 4241(d)(2)(A).

By way of background, Defendant faces a single count of possession of an unregistered, short-barreled shotgun in violation of 26 U.S.C. § 5861(d). D.E. 11. Defendant was originally taken into custody on October 23, 2012, pursuant to a warrant and pending criminal complaint. He has remained in custody since that time. Competency proceedings ensued and, after a lengthy evaluation and subsequent finding that Defendant was competent to proceed (D.E. 34), another competency evaluation was ordered by the Court. D.E. 47. After that evaluation and a full hearing in accordance with 18 U.S.C. § 4241(c), Defendant was found to not be competent, and the mandatory four-month treatment period pursuant to 18 U.S.C. § 4241(d)(1) commenced on January 22, 2014. D.E. 66. Based upon Dr. Grant's recommendation of continued treatment,

the Court found that a substantial probability of competency restoration existed and ordered additional treatment pursuant to 18 U.S.C. § 4241(d)(2)(A) to conclude on September 23, 2014. D.E. 76; D.E. 82.

Through the Warden at FMC-Butner, Dr. Grant submitted a report on November 4, 2014, opining that Defendant remained incompetent, but that, based upon Defendant's progress in response to a change in his medication, "[w]ith continued treatment, there is the substantial probability that within the foreseeable future he will attain the capacity to stand trial based on recent improvements in his mental status." D.E. 87 at 8. A period of additional treatment pursuant to 18 U.S.C. § 42141(d) was therefore requested. *Id*. The Court conducted a telephonic hearing on that request on November 13, 2014, allowed for all parties to present any evidence contrary to Dr. Grant's opinion and to examine/cross-examine her, and ultimately ordered that Defendant is to remain at FMC-Butner pursuant to 18 U.S.C. § 4241(d)(2)(A) for an additional 120 days, which period concludes on January 17, 2105. D.E. 89. The Court explains herein its findings as to why that additional treatment period is reasonable under the statute.

"In determining whether the commitment period is reasonable, the Court considers 'among other things, the nature of the offense charged, the likely penalty or range of punishment for the offense, and the length of time the person has already been confined.'" *United States v. Weston*, 326 F.Supp.2d 64, 67 (D.D.C. 2004) (quoting *In re Davis*, 8 Cal.3d 798, *cert. denied*, 414 U.S. 870 (1973)). "[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "[E]ven if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal." *Id*. at 739.

Here, all factors indicate continued commitment until January 17, 2015, is reasonable. First, Defendant faces a serious charge and the circumstances surrounding the charge indicate it is well-supported. *See* D.E. 33 at 3-6. A conviction carries a maximum imprisonment term of ten years pursuant to 26 U.S.C. § 5871. Defendant has been in pre-trial custody now for over two years, but that period of time has been necessitated by lengthy competency proceedings and his dangerous propensities. *See id*. Critically, Defendant's recent progress, due to a change in his medication, appears to have been steady and is certainly encouraging. Dr. Grant advises that "[t]he prognosis for further reduction in Mr. Carr's psychiatric symptoms is good, given his favorable response to medication thus far. Since taking antipsychotic and mood stabilizing medication over several months, he has exhibited a calmer and more cooperative demeanor and is able to maintain better focus during interactions with staff." D.E. 87 at 6. During the November 13, 2014 teleconference, which was more than three weeks after Dr. Grant prepared her report, she indicated that Defendant had continued to improve, there had been a "real change," and that he was very close to being declared competent. Importantly, Dr. Grant advises that a disruption in Defendant's treatment could undermine this recent progress. *Id*. at 7. Given this progress, which is expected to continue and which Dr. Grant advised during the November 13, 2104 teleconference may result in competency restoration prior to January 17, 2015, continued hospitalization and treatment until then is reasonably related to and justified by the goal of proceeding to trial in this case.

Therefore, based on the foregoing and as described during the November 13, 2014 teleconference, **IT IS HEREBY ORDERED** that, pursuant to 18 USC § 4241(d)(2)(A), Defendant shall remain at FMC Butner for an additional 120 days (which period began to run on September 19, 2014 and ends January 17, 2015).

This the 2nd day of December, 2014.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge