UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 12-62-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| EARNEST DONALD CARR, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 98] The Report and Recommendation addresses the issue of whether Defendant Earnest Donald Carr is competent to stand trial pursuant to 18 U.S.C. § 4241 and §4247(d).

After reviewing the forensic report of the Defendant's psychiatric evaluation and conducting a competency hearing, Magistrate Judge Ingram concluded that "per 18 U.S.C. § 4241(e), Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." [R. 98 at 5.] The Government and the Defendant both stipulated to the admission of the report and also to the findings contained therein. [*Id*. at 2.] The Magistrate Judge found Carr competent to face further proceedings, including trial. [*Id.* at 5.]

Judge Ingram's Report advises the parties that any objections must be filed within fourteen (14) days of service. [*Id*. at 6.] The time to file objections has passed, and

neither party has objected nor sought an extension of time to do so. To the contrary, Carr has filed a notice of his non-objection. [R. 99.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v.Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Finally, both the Magistrate Judge and Counsel for the Defendant have expressed to the Court how important it is that the Defendant remain on his medication and have expressed some concern that the Defendant's medical regimen might be disturbed as he will be transferred out of BOP custody. Because of the fragility of the Defendant's mental state, the Court will explicitly order that Dr. Jill Grant's recommendations regarding Carr's medications be complied with while he is being held pre-trial.

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation [R. 98] is **ADOPTED** as the opinion of this Court;

(2) The Court **FINDS** that Carr is competent to face further proceedings in this matter including trial;

(3) The Court specifically **ORDERS** that the detention facility where the Defendant is housed complies with Dr. Jill Grant's recommendations regarding the Defendant's prescribed medications;

(4) This case is hereby set for Jury Trial on **Tuesday, May 5, 2015**, at the hour of **10:00 a.m.** in **London, Kentucky**;

(5) The pretrial deadlines set forth by the Scheduling Order shall be relative to these new dates and not the previously set trial date; and

(6) In the event a plea agreement is reached in this matter, any motion for rearraignment shall be filed **no later than (14) days** of the current Jury Trial date. Further, to the extent a written plea agreement exists between the parties, the United States of America is directed to provide a courtesy copy to the undersigned's Chambers at *GFVT_chambers@kyed.uscourts.gov* **no later than two (2) days** before the scheduled rearraignment.

This 11th day of March, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge